## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ALEXANDER GIL,**

    *Plaintiff,*

    v.

**CLARITY SERVICES, INC.,**

    *Defendant.*

Case Number:

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Alexander Gil ("**Mr. Gil**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, Clarity Services, Inc. ("**Clarity**"), stating as follows:

## PRELIMINARY STATEMENT

1.    This is an action brought by Mr. Gil against Clarity for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## JURISDICTION AND VENUE

2.    Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

3.    Clarity is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k) and § 48.193, Fla. Stat.

4.     Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2), because the acts complained of were committed and / or caused by Clarity within Hillsborough County, Florida, which is in the Middle District of Florida.

## PARTIES

### Mr. Alexander Gil

5.     Mr. Gil is a natural person residing in Tampa, Hillsborough County, Florida.

6.     At all relevant times, Mr. Gil was residing in Tampa, Hillsborough County, Florida.

7.     Mr. Gil is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Clarity

8.     Clarity is a Delaware corporation with a principal business address of 475 Anton Blvd., Costa Mesa, CA 92626.

9.     Clarity is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

10.     Clarity is a nationwide *Consumer Reporting Agency* ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the

practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail, internet, and/or telephone communications.

## FACTUAL ALLEGATIONS

### Clarity Produces Clearly Erroneous Report on Plaintiff

11.     Around April 2018, Clarity began maintaining a credit file on Mr. Gil. *See* **PLAINTIFF'S EXHIBIT A.**

12.     Around June 2018, Clarity incorporated credit information belonging to Thomas Ryder, an unrelated individual who appears to live in Pahrump, Nevada, into its credit file regarding Mr. Gil. *Id.*

13.     Thereafter, Clarity's credit file on Mr. Gil stated his name is Alexander Gil, and that he is also known as Thomas Ryder. *Id.*

14.     Clarity's credit file on Mr. Gil states he has lived in Tampa, Florida and Pahrump, Nevada. *Id.*

15.     Mr. Gil has never used nor applied for credit using the name "Thomas Ryder".

16.     Mr. Gil has never lived nor claimed to have lived in Pahrump, Nevada.

17. Clarity's credit file also falsely indicates that Mr. Gil has a phone number with a Nevada area code, a work number with a Nevada area code, and an email address listed as "tommyXXXXX@hotmail.com." *See* **PLAINTIFF'S EXHIBIT A.**

18. Mr. Gil does not have, nor has he ever had, a phone number with a Nevada area code.

19. Mr. Gil has not worked in Nevada.

20. Mr. Gil does not use or control the email address "tommyXXXXX@hotmail.com".

21. On information and belief, the Nevada phone numbers and the "tommy" email address belong to Thomas Ryder.

22. On information and belief, Clarity's file on Mr. Gil is an example of a *mixed file*.

23. A *mixed file* is a credit file that contains information concerning two or more persons rather than the one person about whom it should relate.

24. On information and belief, the *mixed file* resulted from Clarity's reckless and improper methods by which it connects data reported to it by various furnishers and incorporates that data into its files.

25.    In an aggressive attempt to match every record reported, Clarity's automated system often erroneously match information to a consumer's credit file with minimal commonalities.

26.    Indeed, on information and belief, Clarity often matches data with the information in its files based on a single data point, such as the same year of birth, instead of utilizing all of the information provided to it.

27.    These erroneous matches occur even when the data from Clarity's furnishers of information contains substantially different identifying information from that of the actual consumer.

28.    Clarity knows that its automated systems erroneously match tradeline information to incorrect consumers' credit files with minimal commonalities.

29.    Despite such knowledge, Clarity has declined to correct its systems.

**Clarity's File on the Plaintiff Includes Additional Inaccuracies**

30.    In addition to the information highlighted above, Clarity's credit file on Mr. Gil includes four false dates of birth. *See* **PLAINTIFF'S EXHIBIT A.**

31.    Mr. Gil was born in 1974, however the report lists dates of birth ranging from 1954 through 1974. *Id.*

32.    On information and belief, Thomas Ryder's birth date is one of the birth dates falsely reported by Clarity as belonging to Mr. Gil.

33.    Furthermore, Clarity's credit file lists a Florida driver's license ending in 3D69. The driver's license ending in 3D69 is associated with the individual born in 1954, which is around twenty (20) years off from the date of birth of Mr. Gil. *Id.*

34.    Lastly, Mr. Gil's Clarity credit file lists he has been with an employer for "20140101" months as of June 26, 2022, thus making him 1,678,343 years old, give or take 16-18 years in accordance with the labor laws of the United States of America. *See* **PLAINTIFF'S EXHIBIT A.**

35.    Clarity, as a CRA, has a legal obligation to use reasonable procedures to assure the maximum possible accuracy of its consumer reports. 15 U.S.C. § 1681e(b).

36.    Despite its obligation, Clarity has sold over 90 consumer reports to Mr. Gil's creditors since it first "mixed" Plaintiff's file.

37.    On information and belief, each of these 90 consumer reports contained the information belonging to Thomas Ryder identified herein. *Id.*

38.    Upon learning that Clarity now believes he is also known by an unrelated stranger's name, which is clearly not his, and whom lives in a state where he has never lived, Mr. Gil became very concerned, as Clarity's reports concerning him contain egregiously wrong information.

39.     One of the products Clarity sells to lenders is called *Clear Digital Identity*™, which it describes as a service that "cross-references application information, phone and email details, and exclusive Clarity data to authenticate consumer identities and detect application fraud . . . . Comparing a consumer's personal information against phone, email and Clarity data helps to validate the legitimacy of an applicant's information and gives lenders a much greater assurance that applicants are who they claim to be. A failure to authenticate some of the data points can indicate fraud." *See* Clarity Services, Inc., https://www.clarityservices.com/solutions/fraud/clear-digital-identity/ (last visited July 22, 2022).

40.     Upon information and belief, the presence of the name "Thomas Ryder" combined with what is presumably Mr. Ryder's personal information being incorporated into Mr. Gil's file, resulted in Mr. Gil's credit applications being falsely flagged as potentially fraudulent.

41.     Mr. Gil's Clarity Credit Score was 715 as of March 17, 2023 with the range of possible scores being 516 to 951. *See* **PLAINTIFF'S EXHIBIT B.**

42.     The adverse factors listed by Clarity as to why Mr. Gil's score was not higher include: (1) number of changes in application information, (2) number of recent changes in application information, (3) number of changes in bank account information, and (4) number of changes in home phone information. *Id.*

43.     Thus, the fact that Clarity's scoring algorithms saw too many changes to application information – e.g., different names, states of residence, e-mail addresses, etc. – lowered his Clarity Credit Score.

44.     As a result of Clarity's erroneous association of information unrelated to Mr. Gil in his consumer report, his credit score has been negatively impacted.

45.     As evidenced by the glaring errors in its reports, Clarity failed to use reasonable procedures in producing the consumer reports regarding Mr. Gil which it sold to many creditors, and potential creditors, as any reasonable procedure would have determined that information about an unrelated individual was mixed with Mr. Gil's data.

46.     Clarity could reasonably foresee that selling reports which contained data belonging to an unrelated individual would cause significant harm to Mr. Gil.

47.     Similarly, Clarity could reasonably foresee that producing credit reports which contain information about another person – especially a person so obviously not the subject of the credit report – would likely cause harm to the consumer for whom the report was created and for others (*e.g.*, Thomas Ryder) whose information was thereby improperly disclosed.

48.     In March of 2023, Mr. Gil requested a consumer credit disclosure from Clarity.

49.     Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Mr. Gil's request, Clarity was required to "clearly and accurately" disclose *all* information in Mr. Gil's file at the time of his request, as well as the *sources of information relied upon*.

50.     As a CRA, Clarity knows that the FCRA requires it to disclose the sources of information relied upon in compiling the consumer's credit report when providing a consumer disclosure. *Id*.

51.     However, when providing Mr. Gil with his disclosure, Clarity failed to disclose the source(s) of information upon which it relied to determine Mr. Gil was known as (or is) Thomas Ryder or that he lived in Nevada.

52.     Clarity similarly failed to disclose the source or sources of information upon which it relied to determine that Mr. Gil had a Florida driver's license ending in 3D69, other email addresses, and dates of birth.

53.     A consumer disclosure which claims a consumer in Florida is also known as a consumer in Nevada, and without explanation as to how or why this information was determined, is, on its face, neither clear nor complete.

54.     Clarity specifically chose which information to disclose in its consumer report, and therefore acted willfully in preparing a deficient report.  In the alternative, Clarity has acted with gross recklessness and a complete disregard for the rights of consumers to have accurate and complete reports generated about them and to receive such reports.

55.     As a result of Clarity's conduct, Mr. Gil has suffered damage to his Clarity credit scores, damage to his reputation and loss of credit.

56.      Mr. Gil has also suffered severe emotional distress and has spent time and money to correct his file and force Clarity to comply with its statutory obligations, and in procuring counsel.

57.     Mr. Gil has hired the aforementioned law firm to represent him in this matter and has assigned his right to fees and costs to the firm.

### COUNT I
### VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681e(b)

58.     Mr. Gil adopts and incorporates paragraphs 1 - 57 as if fully stated herein.

59.     Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Mr. Gil, as reasonable procedures would not have resulted in Clarity's inclusion of information concerning another individual into Mr. Gil's reports, or the inclusion of information regarding a false driver's license number and email address.

60.     Clarity's conduct was willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy.

61. Clarity's policies could reasonably be foreseen to cause harm to Mr. Gil.

62. Clarity is thus liable to Mr. Gil, pursuant to 15 U.S.C. § 1681n, for the greater of Mr. Gil's actual damages or statutory damages of up to $1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

63. Alternatively, Clarity acted negligently and is thus liable to Mr. Gil, pursuant to 15 U.S.C. § 1681o, for Mr. Gil's actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Mr. Gil respectfully requests this Honorable Court enter judgment against Clarity for:

a. The greater of Mr. Gil's actual damages or statutory damages of **$1,000 per violation**, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or in the alternative, Mr. Gil's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2);

c. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and,

d. Such other relief that this Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681g(a)(2)

64.     Mr. Gil adopts and incorporates paragraphs 1 - 57 as if fully stated herein.

65.     Clarity violated **15 U.S.C. § 1681g(a)(2)** when responding to Mr. Gil's request for her consumer disclosure by failing to clearly and accurately disclose to Mr. Gil the sources of information relied upon concerning information in his credit file.

66.     Clarity did not disclose the source of the aforementioned false information contained in Mr. Gil's credit file.

67.     Clarity knowingly failed to disclose the source of the information despite having such knowledge.

68.     Clarity knows, through complaints from other consumers, that it does not provide the source of information as required by the FCRA, yet has declined to correct such omission on its reports.

69.     Clarity is thus liable to Mr. Gil, pursuant to 15 U.S.C. § 1681n, for the greater of Mr. Gil's actual damages and statutory damages of up to $1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

70.    Alternatively, Clarity acted negligently and is thus liable to Mr. Gil, pursuant to 15 U.S.C. § 1681o, for Mr. Gil's actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Mr. Gil respectfully requests this Honorable Court enter judgment in his favor, and against Clarity, for:

a.    The greater of Mr. Gil's actual damages or statutory damages of $1,000 per violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or in the alternative, Mr. Gil's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2);

c.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

d.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

e.    Such other relief that this Court deems just and proper

## <u>JURY TRIAL DEMANDED</u>

Mr. Gil hereby demands a trial by jury on all issues so triable.

Respectfully submitted on **April 18, 2023**, by:

**SERAPH LEGAL, P. A.**

*/s/ Alexander J. Wilde*
Alexander J. Wilde, Esq.
Florida Bar No.: 1035431
AWilde@SeraphLegal.com
1614 North 19th Street
Tampa, FL 33605
Tel: 813-433-1010
Fax: 855-500-0705
*Counsel for Plaintiff,*

*/s/ Thomas M. Bonan*
Thomas M. Bonan, Esq.
Florida Bar No.: 118103
TBonan@SeraphLegal.com
1614 North 19th Street
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
*Co-Counsel for Plaintiff,*

## <u>ATTACHED EXHIBIT LIST</u>

A      Clarity's Consumer Disclosure for Mr. Gil, March 17, 2023 – Excerpt
B      Clarity's Credit Score for Mr. Gil, March 17, 2023 – Excerpt

**PLAINTIFF'S EXHIBIT A**
**Clarity's Consumer Disclosure for Mr. Gil, March 17, 2023 – Excerpt**

## Clarity Report for GIL, ALEXANDER

3/17/2023

### Consumer

Name

GIL, ALEXANDER

Address

█████████████████

TAMPA, FL 33647

Reference Number

████████████

### Notices

Enclosed is a copy of your Clarity Credit Report and/or Clarity Credit Score, a "Summary of Your Rights Under the Fair Credit Reporting Act", and any applicable state rights for you. Below you can find links to help you read and understand this document.

If you wish to dispute information contained in your report, please call us to explain your dispute. You may also provide additional documentation to support your dispute, but it is not required. If you requested your Clarity Credit Report, but not your Clarity Credit Score, you may request and obtain a Clarity Credit Score.

OFAC score and flag values are derived from information maintained by the Office of Foreign Assets Control, a division of the U.S. Department of Treasury. Social Security Pre-Randomization and Deceased values are derived from information maintained by the Social Security Administration.

The latest information on how to read your Clarity consumer file disclosure can be found at:

https://consumersupport.clarityservices.com/how_to_read_report

The latest information on how to read your Clarity Credit Score can be found at:

https://consumersupport.clarityservices.com/how_to_read_score

Disclaimer: This consumer report may contain personally identifiable information, and may be used only in accordance with all regulatory guidelines. ©2009 - 2023 Clarity Services Inc. All Rights Reserved.

Page 1 of 23

## PLAINTIFF'S EXHIBIT A
### Clarity's Consumer Disclosure for Mr. Gil, March 17, 2023 – Excerpt

| Date/Time/Tracking # | Purpose | Company |
|---|---|---|
| 5/5/2022  8:00:00 pm EDT 1480549360 | Written Consent | Experian on behalf of Credit Karma Inc |
| 2/5/2023  7:00:00 pm EST 4766867382 | Written Consent | Experian on behalf of Credit Karma Inc |
| 12/4/2022  7:00:00 pm EST 4074432417 | Written Consent | Experian on behalf of Credit Karma Inc |
| 1/4/2023  7:00:00 pm EST 4462569005 | Written Consent | Experian on behalf of Credit Karma Inc |
| 10/3/2022  8:00:00 pm EDT 3328581056 | Written Consent | Experian on behalf of Credit Karma Inc |
| 7/3/2022  8:00:00 pm EDT 2220126185 | Written Consent | Experian on behalf of Credit Karma Inc |
| 4/2/2022  8:00:00 pm EDT 1106523535 | Written Consent | Experian on behalf of Credit Karma Inc |
| 2/2/2023  7:00:00 pm EST 4872149047 | Written Consent | Experian on behalf of Credit Karma Inc |
| 9/1/2022  8:00:00 pm EDT 2936110469 | Written Consent | Experian on behalf of Credit Karma Inc |
| 6/1/2022  8:00:00 pm EDT 1856898455 | Written Consent | Experian on behalf of Credit Karma Inc |
| 5/1/2022  8:00:00 pm EDT 1449439034 | Written Consent | Experian on behalf of Credit Karma Inc |
| 1/1/2023  7:00:00 pm EST 4414450335 | Written Consent | Experian on behalf of Credit Karma Inc |
| 11/30/2022  7:00:00 pm EST 4056844664 | Written Consent | Experian on behalf of Credit Karma Inc |
| 3/31/2022  8:00:00 pm EDT 1061246819 | Written Consent | Experian on behalf of Credit Karma Inc |

## Validation

| | | | |
|---|---|---|---|
| Social Security Pre-Randomization Valid | true | OFAC Score | 30 |
| Social Security Deceased | false | OFAC Flag | false |

## Personal Information

The following information is reported to us by you, your creditors and/or other sources. Each source may report your information differently, which may result in variations of your name, address, phone number, employer, income, etc. This information is listed in no particular order and includes previously submitted information that you, your creditors and/or other sources have reported. The 'Tracking #' located after 'Date' and 'Time' allows you to associate the data that originated from the same inquiry. For example, when the 'Tracking #' is the same for your name, date of birth and driver's license/state, then all those data elements came from the same inquiry.

| Name | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| ALEXANDER GIL | 4/8/2018 5:35:35 pm EDT tdggrBackd | 3/2/2023 10:34:47 pm EST xcx6z10fmB | 103 |
| ALEXANDER GIL JR | 2/24/2020 8:32:37 pm EST 503twx4g3q | 9/10/2022 5:19:32 pm EDT 22zrprmseq | 9 |
| THOMAS RYDER | 6/25/2018 4:13:22 pm EDT z9t28jvqnm | 6/25/2018 4:13:22 pm EDT z9t28jvqnm | 1 |

**PLAINTIFF'S EXHIBIT A**
**Clarity's Consumer Disclosure for Mr. Gil, March 17, 2023 – Excerpt**

| Date Of Birth | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| ▮1954 | 3/2/2023 10:34:47 pm EST xcx6z10fm8 | 3/2/2023 10:34:47 pm EST xcx6z10fm8 | 1 |
| ▮1960 | 6/25/2018 4:13:22 pm EDT z9t28jvqnm | 6/25/2018 4:13:22 pm EDT z9t28jvqnm | 1 |
| ▮1973 | 10/13/2022 5:58:40 pm EDT 73bp6jd0dg | 10/13/2022 5:59:14 pm EDT hq1df1hwp9 | 2 |
| ▮1974 | 9/2/2019 1:30:12 pm EDT 4kh1gjqhjp | 9/2/2019 1:30:12 pm EDT 4kh1gjqhjp | 1 |
| ▮1974 | 4/8/2018 5:35:35 pm EDT tdggr8ackd | 2/8/2023 2:05:19 pm EST tmawb1g6a6 | 105 |

| Driver's License Number and State | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| XXXXXXXXXXX3D69 FL | 3/2/2023 10:34:47 pm EST xcx6z10fm8 | 3/2/2023 10:34:47 pm EST xcx6z10fm8 | 1 |
| ▮ | 4/8/2018 5:35:35 pm EDT tdggr8ackd | 12/23/2022 9:08:23 pm EST xm2tpxdm8s | 67 |

## Housing Information

The 'Tracking #' located after 'Date' and 'Time' allows you to associate the data that originated from the same inquiry. For example, when the 'Tracking #' is the same for your home address, housing status, and months at address, then all those data elements came from the same inquiry

| Home Address | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| ▮ TAMPA FL 33647 | 10/13/2022 5:58:40 pm EDT 73bp6jd0dg | 10/13/2022 5:59:14 pm EDT hq1df1hwp9 | 2 |
| ▮ TAMPA FL | 4/6/2022 3:03:20 pm EDT 9teh48yy7m | 6/28/2022 7:52:31 pm EDT 7mgbhma1aD | 2 |
| ▮ TAMPA FL 33647 | 8/31/2019 6:29:22 pm EDT ry1pyda51z | 6/26/2022 10:27:47 am EDT 9ejp07hfy9 | 11 |
| ▮ TAMPA FL 33647 | 10/26/2022 2:14:35 pm EDT 4vsbmhz52b | 10/26/2022 2:14:35 pm EDT 4vsbmhz52b | 2 |
| ▮ TAMPA FL 33647 | 9/2/2019 12:34:17 pm EDT cdnm9dxc6k | 9/10/2022 5:19:32 pm EDT 22rrprmseq | 15 |
| ▮ PAHRUMP NV 89060 | 6/25/2018 4:13:22 pm EDT z9t28jvqnm | 6/25/2018 4:13:22 pm EDT z9t28jvqnm | 1 |
| ▮ TAMPA FL 33614 | 3/2/2023 10:34:47 pm EST xcx6z10fm8 | 3/2/2023 10:34:47 pm EST xcx6z10fm8 | 1 |
| ▮ TAMPA FL 33647 | 9/29/2018 2:09:57 pm EDT 9pj31qzvzx | 2/8/2023 2:05:19 pm EST tmawb1g6a6 | 20 |
| ▮ TAMPA FL 33647 | 12/8/2022 12:14:42 am EST e8e0ya2mc2 | 12/8/2022 12:14:42 am EST e8e0ya2mc2 | 1 |

Page 14 of 23

**PLAINTIFF'S EXHIBIT A**
**Clarity's Consumer Disclosure for Mr. Gil, March 17, 2023 – Excerpt**

| Home Address | | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|---|
| ▮▮▮▮▮▮▮ TAMPA FL 33647 | | 4/8/2018 5:35:35 pm EDT tdggr8ackd | 12/23/2022 9:08:23 pm EST xm2tpxdmBs | 57 |
| ▮▮▮▮▮▮▮ TAMPA TAMPA FL 33647 | | 12/12/2020 2:58:26 pm EST rxe444fm2g | 12/12/2020 2:58:26 pm EST rxe444fm2g | 1 |

| Housing Status | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| OTHER | 9/2/2019 1:30:12 pm EDT 4kh1gjqhjp | 8/3/2022 10:15:59 pm EDT fgnst5f0jg | 5 |
| OWN | 4/8/2018 5:35:35 pm EDT tdggr8ackd | 12/23/2022 9:08:23 pm EST xm2tpxdmBs | 21 |
| RENT | 4/27/2018 12:15:32 pm EDT 14h4rrk8g4 | 3/2/2023 10:34:47 pm EST xcx6z10fm8 | 37 |
| TRUE | 2/24/2020 8:32:38 pm EST 3jpwwdvb0y | 2/24/2020 8:32:38 pm EST 3jpwwdvb0y | 1 |
| UNKNOWN | 7/13/2022 1:09:39 pm EDT g2p6zt7bn8 | 9/10/2022 5:19:32 pm EDT 22zrprmseq | 2 |
| X | 7/31/2022 9:10:19 am EDT wysthpbcyf | 7/31/2022 9:10:19 am EDT wysthpbcyf | 1 |

| Months at Address | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| 0 Months | 9/29/2018 2:09:57 pm EDT 9pj31qzvzx | 9/10/2022 5:19:32 pm EDT 22zrprmseq | 4 |
| 1 Month | 8/30/2019 12:53:33 pm EDT 73kxge8prk | 9/4/2019 9:44:30 am EDT kqst367aa2 | 3 |
| 4 Months | 2/24/2020 8:32:38 pm EST 3jpwwdvb0y | 2/24/2020 8:32:38 pm EST 3jpwwdvb0y | 1 |
| 10 Months | 9/4/2019 9:45:32 am EDT 7v1yabvr29 | 9/4/2019 9:45:32 am EDT 7v1yabvr29 | 1 |
| 12 Months | 4/8/2018 5:37:47 pm EDT 57z5wacwzn | 12/8/2022 12:14:42 am EST e8e0ya2mc2 | 22 |
| 14 Months | 6/29/2022 9:14:16 am EDT q8c138r6s3 | 6/29/2022 9:14:28 am EDT 3b36tpb2b0 | 2 |
| 24 Months | 12/12/2020 3:05:14 pm EST rtt55x311h | 3/2/2023 10:34:47 pm EST xcx6z10fm8 | 4 |
| 35 Months | 9/29/2018 2:10:03 pm EDT ve9vqwsa1a | 8/31/2019 6:29:32 pm EDT wj3knxt9zb | 3 |
| 36 Months | 9/2/2019 12:34:17 pm EDT cdrm9dxc6k | 10/26/2022 2:14:35 pm EDT cthvkh0cbm | 3 |
| 48 Months | 8/31/2019 6:29:22 pm EDT ry1pyda51z | 8/4/2021 11:09:32 am EDT hgs82gnbjw | 6 |
| 60 Months | 4/8/2018 5:35:35 pm EDT tdggr8ackd | 9/10/2019 12:20:36 pm EDT m8knrdmzms | 5 |
| 72 Months | 9/29/2018 2:10:44 pm EDT jq101ny1f6 | 9/29/2018 2:10:44 pm EDT jq101ny1f6 | 1 |
| 74 Months | 11/28/2018 11:52:34 am EST sx597jb4xk | 11/28/2018 11:53:23 am EST a5k7rrbqqt | 6 |
| 109 Months | 8/30/2019 12:53:43 pm EDT nrk67csatf | 8/30/2019 12:53:43 pm EDT nrk67csatf | 1 |
| 115 Months | 8/27/2022 5:37:55 pm EDT 56aq2h3ks7 | 8/27/2022 5:37:55 pm EDT 56aq2h3ks7 | 1 |
| 117 Months | 8/31/2022 4:22:08 pm EDT jvfwk14gpg | 10/29/2022 10:41:11 am EDT ascdaqwm9s | 7 |
| 120 Months | 7/31/2022 9:10:19 am EDT wysthpbcyf | 7/31/2022 9:10:19 am EDT wysthpbcyf | 1 |
| 121 Months | 9/4/2019 9:43:22 am EDT 5p7va994r8 | 9/4/2019 9:45:08 am EDT x50z9b5c92 | 5 |

## PLAINTIFF'S EXHIBIT A
### Clarity's Consumer Disclosure for Mr. Gil, March 17, 2023 – Excerpt

| Months at Address | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| 129 Months | 5/11/2021 1:58:54 pm EDT ahg76p0jpc | 5/11/2021 1:59:16 pm EDT w942m21e0s | 4 |
| 154 Months | 7/6/2022 3:29:09 pm EDT f15q0npx9j | 7/13/2022 1:07:15 pm EDT w0std6b1am | 2 |
| 155 Months | 8/3/2022 10:15:26 pm EDT 35y7eeysxr | 8/3/2022 10:15:59 pm EDT fgnst5f0jg | 2 |
| 20210626 Months | 6/26/2022 10:27:47 am EDT 9ejp07hfy9 | 6/26/2022 10:27:47 am EDT 9ejp07hfy9 | 1 |

### Phone Information

The 'Tracking #' located after 'Date' and 'Time' allows you to associate the data that originated from the same inquiry. For example, when the 'Tracking #' is the same for your cell phone number, home phone number and work phone number, then all those data elements came from the same inquiry.

| Cell Phone Number | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| 813 | 3/2/2023 10:34:47 pm EST xcx6z10fm8 | 3/2/2023 10:34:47 pm EST xcx6z10fm8 | 1 |
| 813 | 4/8/2018 5:35:35 pm EDT tdggr8ackd | 4/8/2018 5:36:50 pm EDT ykz76fd4gb | 2 |
| 813 | 12/30/2021 10:23:08 pm EST jaa9ypam0r | 12/30/2021 10:23:08 pm EST jaa9ypam0r | 1 |
| 813 | 9/29/2018 2:10:44 pm EDT jq101ny1f6 | 12/23/2022 9:08:23 pm EST xm2tpxdm8s | 63 |

| Home Phone Number | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| 775 | 6/25/2018 4:13:22 pm EDT z9t28jvqnm | 6/25/2018 4:13:22 pm EDT z9t28jvqnm | 1 |
| 813 | 3/2/2023 10:34:47 pm EST xcx6z10fm8 | 3/2/2023 10:34:47 pm EST xcx6z10fm8 | 1 |
| 813 | 4/8/2018 5:35:35 pm EDT tdggr8ackd | 4/27/2018 12:15:32 pm EDT 14h6rrk8g4 | 6 |
| 813 | 9/29/2018 2:09:57 pm EDT 9pj31qzvzx | 12/23/2022 9:08:23 pm EST xm2tpxdm8s | 78 |

| Work Phone Number | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| 775 | 6/25/2018 4:13:22 pm EDT z9t28jvqnm | 6/25/2018 4:13:22 pm EDT z9t28jvqnm | 1 |
| 800 | 3/2/2023 10:34:47 pm EST xcx6z10fm8 | 3/2/2023 10:34:47 pm EST xcx6z10fm8 | 1 |
| 813 | 8/27/2022 5:37:55 pm EDT 56aq2h3ks7 | 8/27/2022 5:37:55 pm EDT 56aq2h3ks7 | 1 |
| 813 | 4/8/2018 5:35:35 pm EDT tdggr8ackd | 5/11/2021 1:59:16 pm EDT w942m21e0s | 8 |
| 813 | 9/4/2019 9:43:22 am EDT 5p7va994r8 | 8/3/2022 10:15:59 pm EDT fgnst5f0jg | 10 |
| 813 | 8/4/2021 11:05:47 am EDT kaann9q8pk | 8/4/2021 11:05:48 am EDT gv8jp0tc66 | 2 |
| 813 | 12/12/2020 3:05:14 pm EST rtt55x311h | 12/12/2020 3:05:15 pm EST qkr8323bdq | 2 |

**PLAINTIFF'S EXHIBIT A**
**Clarity's Consumer Disclosure for Mr. Gil, March 17, 2023 – Excerpt**

| Work Phone Number | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| 813 ███ | 8/31/2019 6:29:22 pm EDT ry1pyda51z | 12/23/2022 9:08:23 pm EST xm2tpxdm8s | 32 |
| 813 ██████ | 1/4/2022 1:35:32 pm EST 4ma6rs59mt | 1/4/2022 1:35:32 pm EST 4ma6rs59mt | 1 |
| 813 ████- | 9/29/2018 2:10:03 pm EDT ve9vqwsa1a | 11/28/2018 11:53:23 am EST a5k7nrbqqt | 11 |

## Email Information

The 'Tracking #' located after 'Date' and 'Time' allows you to associate the data that originated from the same inquiry. For example, when the 'Tracking #' is the same for your email address and cell phone number, then all those data elements came from the same inquiry.

| Email Address | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| ████████@YAHOO.COM | 4/8/2018 5:35:35 pm EDT tdggr8ackd | 12/23/2022 9:08:23 pm EST xm2tpxdm8s | 88 |
| ████████@GMAIL.COM | 3/2/2023 10:34:47 pm EST xcx6z10fm8 | 3/2/2023 10:34:47 pm EST xcx6z10fm8 | 1 |
| TO████@HOTMAIL.COM | 6/25/2018 4:13:22 pm EDT z9t28jvqnm | 6/25/2018 4:13:22 pm EDT z9t28jvqnm | 1 |

**PLAINTIFF'S EXHIBIT B**
**Clarity's Credit Score for Mr. Gil, March 17, 2023 – Excerpt**

## Clarity Credit Score for GIL, ALEXANDER

### Consumer

Name

GIL, ALEXANDER

Address

████████████████████

TAMPA, FL 33647

Reference Number

██████████

### Notices

Enclosed is a copy of your Clarity Credit Report and/or Clarity Credit Score, a "Summary of Your Rights Under the Fair Credit Reporting Act", and any applicable state rights for you. Below you can find links to help you read and understand this document.

If you wish to dispute information contained in your report, please call us to explain your dispute. You may also provide additional documentation to support your dispute, but it is not required. If you requested your Clarity Credit Report, but not your Clarity Credit Score, you may request and obtain a Clarity Credit Score.

OFAC score and flag values are derived from information maintained by the Office of Foreign Assets Control, a division of the U.S. Department of Treasury. Social Security Pre-Randomization and Deceased values are derived from information maintained by the Social Security Administration.

The latest information on how to read your Clarity consumer file disclosure can be found at:

https://consumersupport.clarityservices.com/how_to_read_report

The latest information on how to read your Clarity Credit Score can be found at:

https://consumersupport.clarityservices.com/how_to_read_score

Disclaimer: This consumer report may contain personally identifiable information, and may be used only in accordance with all regulatory guidelines.
©2009 - 2023 Clarity Services Inc. All Rights Reserved.

Page 1 of 2

## PLAINTIFF'S EXHIBIT B
## Clarity's Credit Score for Mr. Gil, March 17, 2023 – Excerpt

### Clarity Credit Score

Please find the information you requested about your Clarity Credit Score:

| | |
|---|---|
| **Score** | 715 |
| **Range** | 516-951 |
| **Factors** | (A101) Number of recent changes in application information |
| | (A103) Number of changes in application information |
| | (A104) Number of changes in bank account information |
| | (A105) Number of changes in home phone information |
| **Date** | |
| **Created by** | Clarity Services, Inc. |

As a reminder, this is not your FICO®, Vantage®, or other traditional credit score used or created by Experian, Equifax, or Transunion. Instead, this is a credit score that was created by Clarity Services, Inc. and the information and credit scoring model used to create this score may be different than that used by the lender. A lower credit score indicates a higher credit risk. This score is intended for your own educational use. It is also commercially available to third parties along with numerous other credit scores and models. Third parties may use a different score when evaluating your creditworthiness, and may also consider or review information about you other than your credit score, such as your repayment history.'